IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELIA STANLEY & GLENNIE STANLEY, ) ) ) **Plaintiffs,** ) ) v. ) ) REDLINE RECOVERY SERVICES, LLC, ) ) ) **Defendant.** ) | **CIVIL ACTION NO. 2:09-cv-804-MEF-SRW** |

### DEFENDANT REDLINE RECOVERY SERVICES, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

**COMES NOW** defendant Redline Recovery Services, LLC (hereinafter "Defendant" or "Redline"), by and through its undersigned counsel, and hereby submits this reply memorandum in support of its motion to compel filed on January 19, 2010. [*See* Doc. 13.] In support of its motion, Defendant states as follows:

### I. PROCEDURAL BACKGROUND

On January 19, 2010, Defendant filed a motion to compel, requesting this Court require Plaintiffs to produce certain audio recordings that contain conversations between Plaintiffs and representatives of Defendant. [*See id.*] Defendant's brief explained that the telephone recordings were relevant to the parties' claims and defenses and were clearly discoverable. [*See id.* pp*.,* 5-7.]

1808735 v1

Additionally, Defendant demonstrated that well-established precedent compelled the conclusion that Plaintiffs were not entitled to withhold the recordings in order to attempt to impeach Defendant's representatives during depositions. [*See id.*, pp. 8-14.]

On February 8, 2010, Plaintiffs submitted their response, which they entitled a brief in support of a motion for protective order and response to Defendant's motion to compel. [*See* Doc. 18.] In their brief, Plaintiffs acknowledge that Defendant is entitled to discovery of the recordings,[1] but argue that Plaintiffs should be permitted to withhold the recordings until after Defendant's representatives' depositions. [*See* Doc. 18.] Defendant now submits this concise reply brief in support of its motion to compel.

## II. ARGUMENT

Plaintiffs' response brief remarkably fails to address Defendant's case-specific arguments. While this Court has already been thoroughly briefed regarding the law on this issue, Defendant wishes to quickly explain several glaring flaws which afflict Plaintiffs' response.

First, Plaintiffs wholly fail to respond or attempt to distinguish the **most persuasive** and **most analogous** cases cited by Defendant. The U.S. District Court

---

[1] As Plaintiffs clearly state that Defendant is ultimately entitled to the recordings through discovery, Defendant will not address that issue in this reply brief. Plaintiffs state: "In this case, the Plaintiffs do not seek to withhold production of the recordings in total." [Doc. 18, p. 2.] Therefore, any discussion of relevancy would likely be superfluous and repetitive.

for the Northern District of Georgia -- in the only published decision from the Eleventh Circuit addressing this issue -- clearly held that a Plaintiff cannot withhold debt collection recordings in order to impeach a collector's representatives. *See Stamps v. Encore Receivables Mgmt, Inc.*, 232 F.R.D. 419 (N.D. Ga. 2005). The court stated that recordings of debt collection calls in a Fair Debt Collection Practices Act ("FDCPA") case are used "to establish the truth of [a plaintiff's] allegations . . . [and that the] real value of the recording is not in impeaching a witness, but in the facts and issues determined by the recording." *Id.* at 423. The *Stamps* court distinguished FDCPA cases from others, like personal injury cases, where the impeachment value of a recording may be more important. *Id.* Despite the highly persuasive nature of the *Stamps* opinion, any reference to it is absent from Plaintiff's brief.

Additionally, Plaintiffs also fail to discuss the **only other published federal court opinion** addressing this very issue in the context of an FDCPA lawsuit. *See Fausto v. Credigy Services Corp.*, 251 F.R.D. 436 (N.D. Cal. 2008). In *Fausto*, the court stated that withholding the production of audio recordings of collection calls was merely gamesmanship absent a reason for the plaintiff to believe that the defendant's employees would fabricate evidence. *Id.* at 428. Because "open discovery is the norm," the court expressed equity and fairness concerns and mandated that Plaintiff produce the audio recordings prior to any depositions. *Id.*

What is blatantly obvious from even a casual reading of the *Stamps* and *Fausto* opinions is that evidence may not be withheld for impeachment purposes when the real value of the evidence is **not impeaching the witness** but in the **facts and issues to be determined by the evidence**. *See Stamps*, 232 F.R.D. at 423. Plaintiffs own brief makes their purpose for the recordings clear. Plaintiffs unequivocally state that: "**[t]he recordings will prove** that the Defendant failed to identify itself as a debt collector, threatened legal action, threatened illegal action and contacted third parties in violation of the FDCPA." [Doc. 18, p. 2 (emphasis added).] However, despite the admitted significant substantive value of the recordings, Plaintiffs then state that they would like to use the recordings to "impeach the employees with the audio recordings." [*Id.*] Plaintiffs cannot have their cake and eat it too. *See Gray v. Oracle Corp.*, No. 2:05-CV-534-TS, 2006 WL 1472748, at *2 (D. Utah May 24, 2006) (noting that party cannot withhold recording when "the real value of the recording is not in impeaching a witness").

Instead of discussing cases with similar factual scenarios, Plaintiffs spend the majority of their brief citing to inapposite cases with dissimilar fact patterns.[2] For example, Plaintiffs place heavy reliance on the decision of *Taylor v. Guardian*

---

[2] In fact, some of the opinions cited by Plaintiffs provide absolutely no guidance to this Court, but appear to simply contain the words "tape," "recording," and "deposition," or some combination thereof. *See, e.g., Erie Conduit Corp. v. Metro Asphalt Paving Assoc.*, 106 F.R.D. 451, 457 (E.D.N.Y. 1985) (discussing whether to sanction plaintiff in anti-trust lawsuit and providing no guidance whatsoever as to the viability of withholding recordings until after a party's deposition).

*Life Insurance Company of America*, No. CV-406-272, 2007 WL 1068133 (S.D. Ga. 2007).  However, *Taylor* involved a plaintiff seeking disability benefits, where an individual's own internal explanations of pain would be critical to any finding. Therefore, the impeachment value of any recording would be of much greater value than the substance of the recording.  In fact, that same concern is of importance in many of the cases cited by Plaintiffs.  *See Weinhold v. Witte Heavy Lift, Inc.*, No. 90-CIV-2096, 1994 WL 132392 (S.D.N.Y. Apr. 11, 1994) (discussing production of surveillance tapes in personal injury case, court permitted delay of production "[i]n order to protect the value of surveillance tapes as a tool for impeachment of plaintiff's possible exaggeration of his disabilities"); *Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487 (S.D. Cal. 1994) (personal injury case in which plaintiff's unrefreshed recollection of his own accident and injuries was more valuable than substance of recorded statement made immediately after his accident).

Here, it is clear that the substantive value of the tapes significantly outweighs any minimal impeachment value that the tapes may have.  Plaintiffs seek to depose Defendant's representatives, who often make hundreds of calls in a single day and are very unlikely to remember collection calls made many months before this complaint was filed.  Instead, Plaintiffs actual use of these tapes will be to attempt to "prove that the Defendant" violated the FDCPA.  [*See* Doc. 18, p. 2.]

As such, principles of fairness and equity mandate that Defendant should be entitled to know the substance of the tapes immediately. Defendant asks that this Court require Plaintiffs to produce the audio tapes and cease the stubborn discovery practices that has led Defendant to file its motion to compel.

### III. CONCLUSION

Based on the foregoing, and Defendant's previously filed motion to compel, Defendant respectfully requests that this Court enter an Order granting its Motion to Compel.

Respectfully submitted,

*/s/ Zachary D. Miller*
Alan D. Leeth (LEE038)
R. Frank Springfield (SPR024)
Zachary D. Miller (MIL135)

Attorneys for Defendant
REDLINE RECOVERY SERVICES, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
fspringf@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 22nd day of February, 2010:

> David G. Poston, Esq.
> Michael D. Brock, Esq.
> Gary W. Stout, Esq.
> Post Office Drawer 311167
> Enterprise, Alabama  36331
>
> Gerald A. Templeton, Esq.
> The Templeton Group
> 2 Metroplex Drive; Suite 250
> Birmingham, Alabama  35209

>> */s/ Zachary D. Miller*
>> OF COUNSEL